IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LILLIANA GONZALEZ,

                                                                            OPINION AND ORDER

                    Plaintiff,

                                                                            20-cv-669-bbc

     v.

KILOLO KIJAKAZI[1],
Acting Commissioner of Social Security,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Lilliana Gonzalez appeals a decision of the Acting Commissioner of Social Security denying her application for disability insurance benefits under the Social Security Act. She argues that the administrative law judge (ALJ) who denied her application failed to: (1) account for all of her medical conditions; (2) explore how plaintiff actually performed her past relevant work in insurance sales; and (3) identify a significant number of other sedentary jobs that plaintiff could perform. For reasons explained below, I reject plaintiff's first two challenges, making it unnecessary to consider the third. Accordingly, I will affirm the acting commissioner's decision.

---

[1] The court has changed the caption to reflect Kilolo Kijakazi's recent appointment as acting commissioner.

BACKGROUND

Plaintiff Lilliana Gonzalez was born with a lipomyelomeningocele, a condition in which an abnormal growth of fat attaches to the spinal cord. www.seattlechildrens.org/conditions/lipomyelomeningocele (last visited Oct. 19, 2021). When plaintiff was five years old, her doctors surgically removed as much of the growth as possible. However, the remaining growth has caused some difficulties for plaintiff, including later surgeries to correct right leg and ankle defects and problems with urinary incontinence.

On June 14, 2018, at the age of 23, plaintiff applied for disability insurance benefits under the Social Security Act, alleging that she had been disabled since March 20, 2015 from spina bifida, nerve damage, fractures of her back and neck, muscle and tendon damage on her left arm, no muscle or tendon in her right leg, no control over her bladder or bowel, depression, and anxiety. Dkt. #14, Administrative Record ("AR") 151. Plaintiff was insured for disability benefits under the Social Security Act only until June 30, 2017. This meant that, to obtain benefits, she had to establish disability on or before that date.

After the local disability agency denied her claim initially and on reconsideration, plaintiff requested an administrative hearing, which was held on September 16, 2019 before ALJ Bill Laskaris. Plaintiff appeared without counsel and waived her right to representation. AR 37-38. At the hearing, plaintiff testified that she had last worked at a travel agency selling insurance to customers over the phone. AR 40. Plaintiff said she performed the job well but was let go because she was frequently away from her desk dealing with bladder and bowel control problems. AR 41. Plaintiff said her bowel problems began after she was

2

injured in a car accident on March 22, 2018; that accident had also caused many of her other problems, such as the damage to her left arm. AR 41, 45. As for her bladder problems, plaintiff said she would urinate without warning, soaking through a sanitary pad and causing her to leave work to change clothes. AR 47. She said she had been on medication for that problem up until 2013, when she stopped taking it because it did not help. AR 48.

On November 7, 2019, the ALJ issued a decision, finding plaintiff not disabled under the five-step inquiry for evaluating disability claims, 20 C.F.R. § 404.1520. At steps one through four, the ALJ found that although plaintiff had impairments that limited her ability to perform basic work activities, she was capable during the time period in question (March 20, 2015 to June 30, 2017) of performing her past relevant work in insurance sales, which was a sedentary job. AR 16-19. Alternatively, the ALJ found at step five that plaintiff could perform various other sedentary jobs that existed in significant numbers in the national economy. AR 20.

In denying plaintiff's claim, the ALJ specifically addressed plaintiff's bladder control problems, observing that there were no medical findings in the record from which to conclude that the impairment was "severe," that is, that it posed more than minimal limitations on plaintiff's ability to perform work activities. AR 14-15. The ALJ noted that plaintiff had received treatment during the relevant time period for a urinary tract infection but not for bladder control problems, which suggested that the problem was not significant. AR 15. The Appeals Council subsequently denied plaintiff's request for review, making the ALJ's decision the final decision of the acting commissioner.

OPINION

Plaintiff seeks judicial review of the acting commissioner's final decision under 42 U.S.C. § 405(g). On judicial review, the agency's factual findings are "conclusive" so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g); Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). The threshold for sufficiency is not high; the substantial evidence standard requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The ALJ must identify the relevant evidence and build a "logical bridge" between that evidence and the ultimate determination. Moon v. Colvin, 763 F.3d 718, 721 (7th Cir. 2014). In reviewing an ALJ's decision, the court applies a common-sense reading and considers the opinion as a whole. Winsted v. Berryhill, 923 F.3d 472, 478 (7th Cir. 2019).

Plaintiff argues primarily that the ALJ erred by "ignoring" plaintiff's headaches, bowel incontinence and bladder incontinence, but a review of the ALJ's decision shows otherwise. First, the ALJ specifically addressed plaintiff's headaches, noting that plaintiff had sought medical treatment for that condition in July 2016 and was prescribed Naproxen. AR 18, 226. As the ALJ noted, the record contains no further treatment or mention of headaches after that single visit on July 19, 2016. Moreover, plaintiff never alleged she was disabled by headaches, nor did she mention headaches as a reason she could not work when asked that question at the hearing before the ALJ. In light of this record, the ALJ reasonably found that plaintiff's headaches were not particularly limiting and could be accommodated by limiting plaintiff to sedentary work with postural and environmental limitations. AR 18.

4

Although plaintiff asserts that the ALJ should have found that she would sometimes be "off task" because of her headaches, remand is not required merely because the record arguably could support greater limitations than the ALJ found.  See e.g. Delong v. Saul, 844 F. App'x 894, 900 (7th Cir. 2021) ("But even if the record could support such limitations, there is nothing that compels them.").

Likewise, the ALJ did not err by failing to mention plaintiff's alleged bowel difficulties.  Plaintiff testified that her bowel incontinence began after her car accident in 2018, which occurred after plaintiff's eligibility for disability insurance benefits had ended.  Moreover, plaintiff has not identified any medical records showing any treatment for that issue during the relevant time frame.  The ALJ did not err in declining to address impairments that did not exist during the time frame under consideration.

Finally, as for plaintiff's urinary incontinence, plaintiff argues that it was inappropriate for the ALJ to discount her testimony based on her lack of treatment for that condition without inquiring into possible explanations for the lack of treatment. SSR 16-3p, 2016 WL 1119029, at *8-9 (ALJ must consider reasons for lack of treatment); Craft v. Astrue, 539 F.3d 668, 679 (7th Cir. 2008) (same).  This is a strange argument, for as plaintiff admits, she *did* offer an explanation:  she testified that her incontinence was something she had "learned to live with" and that medications had not helped.  AR 41.  What plaintiff really appears to be arguing is that the ALJ should have *accepted* this explanation and fully credited plaintiff's allegation of frequent, clothes-soiling incidents of incontinence that prevented her from working.  Once again, however, the record does not

5

compel this conclusion. To the contrary, the ALJ had good reason to question plaintiff's testimony that medication "didn't work" and that her condition was disabling, given the lack of medical records showing that she had attempted to obtain medical treatment during the relevant period or at least alerted her health providers to the severity of her incontinence. However, the only medical record during the relevant time period that mentions plaintiff's incontinence is a February 9, 2016 report from plaintiff's orthopedist, noting that plaintiff was having "some issues with bladder control" for which she had been prescribed medication. AR 231-32. In light of the sparse mention of plaintiff's incontinence in her medical records, it was reasonable for the ALJ conclude that plaintiff's bladder control problems did not interfere significantly with her ability to work. SSR 16-3p ("[I]f the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record.").

Plaintiff's remaining arguments require little discussion. She argues that the ALJ's conclusion that she remained capable of performing her past work in insurance sales "as she actually performed it" is not supported by substantial evidence because the ALJ asked her only how much weight she had to lift at that job and not about the standing and walking requirements. But plaintiff testified that she performed her job "mostly by telephone over the phone," AR 40, which supports the ALJ's finding that it was sedentary work. Further, plaintiff presents no evidence showing that her insurance sales job was *not* sedentary. Absent

some reason to believe that further inquiry by the ALJ would have made any difference to the outcome, it would be pointless to remand this case.  <u>Keys v. Barnhart</u>, 347 F.3d 990, 994 (7th Cir. 2003) (doctrine of harmless error applies to judicial review of administrative decisions).  Finally, because I am upholding the ALJ's finding at step four of the sequential analysis, I need not consider plaintiff's challenge to the ALJ's alternative step five finding.

ORDER

IT IS ORDERED that the decision of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, is AFFIRMED and plaintiff Lilliana Gonzalez's appeal is DISMISSED.  The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 19th day of October, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge